Filed 1/21/14  In re Sanchez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re ROLANDO TORRES SANCHEZ<br><br>on Habeas Corpus. | G049467<br><br>(Super. Ct. No. 10CF2694)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

Appellate Defenders, Inc., Howard C. Cohen for Petitioner.

Kamala D. Harris, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

\*          \*          \*

THE COURT: *

Rolando Torres Sanchez seeks relief from the failure to file a timely notice of appeal. The petition is granted.

Rolando Torres Sanchez was convicted after a jury trial and sentenced on July 19, 2013, to a total term of 27 years to life. Trial counsel attempted to file a notice of appeal on Sanchez's behalf, but the superior court sent counsel a letter explaining the last day to file a notice of appeal was September 17, 2013, and therefore the notice appeal prepared by counsel had been "marked 'Received September 25, 2013, but not filed.'" According to counsel's declaration, the untimely notice of appeal in this case is a result of inadvertently miscalendaring the due date of the notice of appeal.

The principle of constructive filing of the notice of appeal should be applied in situations where a criminal defendant requests trial counsel to file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because an attorney, who has advised his client that he would file a notice of appeal, has a duty to file a proper notice of appeal, or tell the client how to file it himself. In this case, Sanchez's reasonable reliance on counsel to file a timely notice of appeal entitles him to the relief requested.

The Attorney General does not oppose Sanchez's request for relief to file a late notice of appeal without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

The petition is granted. The Clerk of the Superior Court is directed to file the notice of appeal that was received but not filed on September 25, 2013. Further proceedings, including the preparation of the record on appeal, are to be conducted according to the applicable rules of court. In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.

---

* Before Rylaarsdam, Acting P. J., Bedsworth, J., and Moore, J.